**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL ALEJANDRO ABARCA MERCADO, | No. 17-70373 |
| Petitioner, | Agency No. A200-248-479 |
| v. | MEMORANDUM[*] |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018[**]

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Rafael Alejandro Abarca Mercado, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject, as without merit, Mercado's argument that the IJ erred in finding him removable, where Mercado conceded the allegations and the charge that he did not have a valid entry document at the time he sought entry to the United States and does not dispute these concessions on appeal. *See* 8 U.S.C. § 1182(a)(7)(i)(I).

Substantial evidence supports the agency's determination that Mercado failed to demonstrate a nexus between the harm he suffered and fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (desire to be free from harassment by criminals motivated by theft or random violence by gang members has no nexus to a protected ground). Thus, in the absence of nexus to a protected ground, Mercado's asylum and withholding of removal claims fail. *See id.*at 1015-16.

Finally, substantial evidence supports the agency's denial of Mercado's CAT claim because he has not shown it is more likely than not he would be tortured by the government of Mexico or with its consent or acquiescence. *See*

17-70373

*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**